Peter J. Schulz, Esq., SBN 167646
pjs@gtlaw.cc
Scott A. Jalowiec, Esq., SBN 288570
saj@gtlaw.cc
GRECO TRAFICANTE SCHULZ & BRICK
185 West F Street, Suite 400
San Diego, California 92101
Tel: (619) 234-3660
Fax:  (619) 234-0626

Attorneys for Plaintiff DANIEL STONE

# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL STONE, an individual,<br><br>          Plaintiff,<br><br>     v.<br><br>KEVIN N. LYONS, an individual, MICHELLE F. LYONS, an individual, and ANCHOR FUNDING, INC., a corporation,<br><br>          Defendants. | Civil No.:  **'13CV0457 WQHBLM**<br><br>**COMPLAINT FOR VIOLATIONS OF THE TRUTH-IN-LENDING ACT ("TILA"), 15 U.S.C. § 1601, et seq.**<br><br>Jury Trial Demanded |

COMES NOW Plaintiff DANIEL STONE, and for causes of action against Defendants KEVIN N. LYONS, MICHELLE F. LYONS, and ANCHOR FUNDING INC., and each of them, alleges as follows:

## THE PARTIES

1.   Plaintiff DANIEL STONE ("STONE") is a citizen of the State of California, residing in the County of San Diego.

2.   Plaintiff STONE was an active-duty member of the United States armed forces between December 1985 and April 2012.  Plaintiff's military service tolls any and all statutes of limitation pursuant to the Servicemembers Civil Relief Act, 50 App. U.S.C. § 526(a).

3. Defendant KEVIN LYONS is a citizen of the State of California, residing in the County of San Diego.

4. Plaintiff is informed and believes and thereon alleges that at all relevant times mentioned herein, Defendant KEVIN LYONS was the Chief Executive Officer of Defendant ANCHOR FUNDING, INC. ("ANCHOR FUNDING").

5. Defendant MICHELLE LYONS is a citizen of the State of California, residing in the County of San Diego.

6. Plaintiff is informed and believes and thereon alleges that Defendant ANCHOR FUNDING is a California corporation doing business in the State of California as a real estate broker licensed by the California Department of Real Estate.

## JURISDICTION

7. This action arises under the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 et seq., and its implementing Federal Reserve Board Regulations, 12 C.F.R. § 226 et seq. ("Regulation Z"), as hereinafter more fully appears.[1]

8. The jurisdiction of this Court is founded on 28 U.S.C. § 1331.

## VENUE

9. Venue is proper in the Southern District of California in that all defendants reside in this District and a substantial part of the events giving rise to the claim occurred in this District.

## GENERAL ALLEGATIONS

10. This case arises out of a predatory adjustable-rate mortgage loan originated on or about June 28, 2006, between Plaintiff STONE and Defendants KEVIN N. LYONS and MICHELLE F. LYONS ("the Loan"). A true and

---

[1] All substantive statutes cited herein refer to the statute in effect at the time of the violation, June 2006.

complete copy of the entire Loan Agreement, including disclosures, is attached hereto as **Exhibit "A."**

11. Plaintiff STONE was the borrower on the Loan.

12. Defendants KEVIN LYONS and MICHELLE LYONS were the Creditors of the Loan.

13. Plaintiff is informed and believes and thereon alleges that Defendants KEVIN LYONS and MICHELLE LYONS were loan originators on the Loan in that they were Creditors who did not provide the funds for the transaction at the consummation out of their own resources.

14. Defendant ANCHOR FUNDING was the mortgage broker to the Loan in that it arranged the extension of consumer credit for Plaintiff STONE for monetary gain and was not an employee of the Creditors.

15. At all relevant times herein, Plaintiff DANIEL STONE and his wife Christine Jacobs Stone were the owners of the real property located at 4963 Mount Harris Drive, San Diego, California ("Plaintiff's Real Property").

16. Plaintiff's Real Property is his principal dwelling.

17. Under the Loan's terms, Plaintiff and Defendants agreed that Creditors would loan Plaintiff money the amount of thirty thousand dollars and zero cents ($30,000.00) through an adjustable-rate mortgage. The Loan was secured by an interest in Plaintiffs' Real Property. Plaintiffs agreed to repay the Loan amount, plus interest, to Creditors in monthly installments.

18. The actual annual percentage rate of the Loan at consummation was 16.4318%. The yield on Treasury securities having comparable periods of maturity to the Loan maturity, five years, as of the fifteenth day of the month immediately proceeding the month in which the application for the extension of credit was received by the creditor, May 15, 2006, was 5.04%. Therefore, the annual percentage rate of the Loan was greater than Treasury securities yields at the time plus 10%.

19. The total points and fees payable by the Plaintiff at or before loan closing was $3,165.00, which is greater than 8% of the loan of $30,000.

20. The actual annual percentage rate of 16.4318% on the Loan exceeded the Average Prime Offer rate of a comparable transaction at the time by more than 3.5%.

21. Plaintiff is a "consumer" as defined by 12 C.F.R. § 226.2(a)(11) in that he is a natural person who was extended consumer credit.

22. Plaintiff is informed and believes and thereon alleges that at all relevant times Defendants offered or extended loans regularly.

23. This Loan is subject to a finance charge and is payable by a written agreement in more than four installments.

24. The loan is primarily for personal, family, or household purposes and was not used to finance the acquisition or initial construction of the secured property.

25. As described more fully herein, the Loan contained illegal terms and grossly underestimated disclosures of loan terms in violation of federal law. The following violations entitle him to statutory damages in the amount of $2,000.00 pursuant to 15 U.S.C. § 1640(a)(2)(A)(iii), compensatory damages in the amount of finance charges and fees Plaintiff has incurred pursuant to 15 U.S.C. § 1640(a)(4), attorneys' fees and cost of suit pursuant to 15 U.S.C. § 1640(a)(3).

## FIRST CAUSE OF ACTION

## INCLUSION OF ILLEGALL LOAN TERM (VIOLATION OF HOMEOWNER'S EQUITY PROTECTION ACT, 12 C.F.R. § 226.32)

**(Against All Defendants)**

26. Plaintiff alleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 25, inclusive, as though fully set forth herein.

27. The face of the Loan Note contains several contradictory terms,

however Plaintiff is informed and believes and thereon alleges that the term of the Loan was less than five years.

28. Defendants violated 12 C.F.R. § 226.32(d)(1) by including a "balloon payment" term. Under the terms of the Loan, Plaintiffs were to make interest-only payments of $337.50 per month for fifty-nine months. At that rate, after the final payment Plaintiffs will have paid only $20,250.00 in interest. The $30,000.00 principal will be due in full after the final payment. Thus, the regular periodic payments, when aggregated, do not fully amortize the outstanding principal balance.

## SECOND CAUSE OF ACTION

## FAILURE TO ACCURATELY DISCLOSE LOAN TERMS (VIOLATION OF 15 U.S.C. § 1639, 12 C.F.R. §§ 226.32, 226.23, 226.17)

**(Against All Defendants)**

29. Plaintiff alleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 28, inclusive, as though fully set forth herein.

30. Defendants violated 15 U.S.C. § 1639(a)(1)(A), (B), and 12 C.F.R. § 226.32(c)(1) by failing to disclose the following: "You are not required to complete this agreement merely because you have received these disclosures or have signed a loan application. If you obtain this loan, the lender will have a mortgage on your home. You could lose your home, and any money you have put into it, if you do not meet your obligations under the loan."

31. Defendants violated 15 U.S.C. § 1639(a)(2)(B) and 12 C.F.R. § 226.32(c)(2) by failing to accurately disclose the annual percentage rate of the Loan. The actual annual percentage rate of the loan was 16.4318%, but Defendants under-disclosed the annual percentage rate of the Loan as 10.570%.

32. Defendants violated 12 C.F.R. § 226.32(c)(3) by failing to accurately disclose the amount of the balloon payment. The Loan had a balloon payment of

$30,000.00, but Defendants only disclosed a balloon payment of $337.50.

33. Defendants violated 12 C.F.R. § 226.32(c)(4) by failing to accurately disclose the amount of the single maximum monthly payment, based on the maximum interest rate required to be disclosed under § 226.30. Defendants stated that the maximum monthly payment was $337.50. However, this figure assumes a constant interest rate of 13.5%. The interest rate on the Loan could vary up to 15.5%. The maximum monthly interest-only payment at 15.5% on a $26,835.00 loan is $346.00, which is $8.50 higher than disclosed.

34. Defendants violated 12 C.F.R. § 226.32(c)(5) by failing to accurately disclose the amount borrowed under the Loan. Defendants understated the amount borrowed as $26,835.00, yet the face of the Loan was for $30,000.00.

## THIRD CAUSE OF ACTION

## COMMITMENT OF PROHIBITED ACTS IN CONNECTION WITH THE LOAN (VIOLATION OF 12 C.F.R. §§ 226.34, 226.35)

**(Against All Defendants)**

35. Plaintiff alleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 34, inclusive, as though fully set forth herein.

36. Defendants failed to verify Plaintiff's repayment ability in that it failed to verify the income or assets it relied upon to determine repayment ability.

37. Defendants extended credit subject to 12 C.F.R. § 226.32 to a consumer based on the value of the consumer's collateral without regard to the consumer's repayment ability as of consummation.

## PRAYER FOR RELIEF

Where the Plaintiff prays as follows on all causes of action:

1. For damages in the maximum amount allowable by statute;
2. For reasonable attorneys' fees;
3. For costs of suit incurred herein;

4. For such other and further relief that this Court may deem just and proper.

Dated: February 25, 2013        GRECO TRAFICANTE SCHULZ & BRICK

By: *s/ Peter J. Schulz*
    Peter J. Schulz, Esq.
    Scott A. Jalowiec, Esq.
    Attorneys for Plaintiff Daniel Stone

## **JURY DEMAND**

Plaintiff hereby demands a trial by jury.

Dated: February 25, 2013        GRECO TRAFICANTE SCHULZ & BRICK

By: *s/ Peter J. Schulz*
    Peter J. Schulz, Esq.
    Scott A. Jalowiec, Esq.
    Attorneys for Plaintiff Daniel Stone